NOT FOR PUBLICATION

RECEIVED
AUG 0 9 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY A. BELLAK; THERESA P. CIBOTTI; MARC S. CRAMER; THOMAS J. CROWE; JOHN F. DALLY; JOHN FUHRMEISTER; PHILIP CARUSO; JEFFREY B. NUSSBUAM; CHARLES McKENNA AND JANE/JOHN DOE(s) WELLS FARGO HOME MORTGAGE CONSULTANTS, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO & CO., WELLS FARGO BANK, N.A., DBA WELLS FARGO HOME MORTGAGE; ABC CORPORATION(S) 1-10 and/or JANE/JOHN DOES(S) SUPERVISORS 1-10, individually and/or as agents, servants and/or employees of the above-named corporate defendants and ABC CORPORATION(s) 1-10, <br><br> Defendants. | Civ. No. 17-2757 <br><br> OPINION |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter has come before the Court on the motion to dismiss brought by Defendants Wells Fargo & Co. and Wells Fargo Bank, N.A. ("Defendants"). (ECF No. 6). Plaintiffs Jeffrey A. Bellak, Theresa P. Cibotti, Marc S. Cramer, Thomas J. Crowe, John F. Dally, John Fuhrmeister, Philip Caruso, Jeffrey B. Nussbaum, and Charles McKenna ("Plaintiffs") oppose. (ECF No. 8). The Court has decided the motion based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendants' motion is denied without prejudice.

1

## BACKGROUND

This case involves the alleged wrongful termination of Plaintiffs. Plaintiffs' allegations are as follows. Plaintiffs are citizens of New Jersey and/or Pennsylvania, and are former employees of Defendant Wells Fargo & Co. ("Defendant Wells"), within the Wells Fargo Home Mortgage Division of Defendant Wells Fargo Bank, N.A. ("Defendant Wells N.A."). (Am. Compl., at ¶¶ 5, 31, ECF No. 3-1) ("Am. Compl."). Defendants engaged in an extensive violation of a provision of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 ("RESPA"), which prohibits procuring referrals of potential mortgage customers from real estate title insurance companies in exchange for referrals back from the mortgage customers. (*Id.* ¶¶ at 9–11). Previously, the Consumer Financial Protection Bureau ("CFPB") and the State of Maryland Office of the Attorney General filed a Complaint against Defendant Wells and other named defendants. (*Id.* at ¶¶ 13–14). Defendant Wells was required to pay fines in excess of $34,000,000 as part of a settlement of the case involving the CFPB. (*Id.* at ¶ 26).

Subsequently, Defendant Wells N.A. advised the CFPB that it was conducting an internal investigation to seek out those employees responsible for the violations. (*Id.* at ¶ 41). Plaintiffs were interviewed during this internal investigation. (*Id.* at ¶ 44, 54). Plaintiffs' supervisors approved of and encouraged Plaintiffs to continue to use business practices which violated CFPB regulations. (*Id.* at ¶¶ 55–56). However, in the first week of January, 2015, Plaintiffs complied with the directions of their supervisors to discontinue the business practices in question. (*Id.* at ¶ 58). On April 13, 2015, Defendant Wells issued a policy memorandum declaring these business practices to be against company rules. (*Id.* at ¶ 57). Despite Plaintiffs discontinuing these business practice at the direction of their supervisors in January 2015, Plaintiffs were terminated for their continued use of these business practices. (*Id.* at ¶¶ 56, 58). All of the Plaintiffs except Charles McKenna were terminated before April 13, 2015, the effective date of the new company

2

rule. (*Id.* at ¶ 59). Plaintiff Charles McKenna was terminated on June 8, 2015. (*Id.* at ¶ 60). Plaintiffs claim that they were arbitrarily chosen to be terminated in order to create the false appearance of conducting a true internal investigation. (*Id.* at ¶ 63).

Plaintiffs' Complaint contains three counts: (1) Wrongful Termination, Breach of Covenant of Good Faith and Fair Dealing; (2) Punitive Damages; and (3) Conversion. (*Id.* at ¶ 68–99). This case was originally filed in the Superior Court of New Jersey, Law Division, Mercer County. (*See* ECF No. 1). On April 21, 2017, Defendants removed the case to this Court. (*Id.*). On April 24, 2017, Defendants file an amended notice of removal. (*See* ECF No. 3). On May 12, 2017, Defendants filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 6).

## DISCUSSION

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, 2016 WL 106159 (3d Cir. Jan. 11, 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). If the complaint does not demonstrate more than a "mere

3

possibility of misconduct," the complaint must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

In this case, the parties have not adequately briefed what law applies to Plaintiffs' claims. A federal court sitting in diversity applies the forum state's choice of law rules to determine what substantive law applies. *See Klaxon Co. v. Stentor Elec. Mfg.*, 313 U.S. 487, 496–98 (1941); *see also Lebegern v. Forman*, 471 F.3d 424, 428 (3d Cir. 2006) (noting "[a]s this was a diversity case filed in New Jersey, New Jersey choice of law rules govern"). Here, Defendants' briefs apparently assume that New Jersey or Pennsylvania law applies and includes potentially relevant case law from both jurisdictions. (*See* ECF Nos, 6, 10). Plaintiffs' opposition brief similarly includes potentially relevant case law from both New Jersey and Pennsylvania. (*See* ECF No. 8). However, nowhere in any of the submissions before this Court does any party engage in a choice of law analysis arguing which law applies to Plaintiffs' claims. Moreover, the Court does not have before it facts that could possibly impact what law applies to Plaintiffs' claims, e.g., the state in which Plaintiffs worked for Defendant.[1] Without proper briefing on the choice of law issue, this Court cannot assume, as the parties apparently do, that either New Jersey or Pennsylvania law applies to Plaintiffs' claims, nor can the Court properly analyze the claims without determining which law applies. Therefore, Defendants' motion to dismiss is denied without prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is denied without prejudice. Defendants may renew their motion to dismiss consistent with this Opinion. If Defendants wish

---

[1] The Amended Complaint states that Plaintiff Philip Caruso "was employed in the Wells' Somerville, New Jersey Office" (Am. Compl, ECF No. 3-1 at ¶ 31), however nowhere in the Amended Complaint or the other submissions of the parties is it specified where the remaining eight Plaintiffs worked.

4

to do so they must file the renewed motion within twenty-one (21) days of the date of the Order accompanying this Opinion. An appropriate order will follow.

Date: August 9, 2017

/s/ *Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.